# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI,

AT THE

# MARCH TERM, 1910.

CITY OF JACKSON v. ELLEN B. ANDERSON.

[51 South. 896.]

MUNICIPALITIES. *Waterworks. Negligence. Liability. Measure of damages.*

A municipality, operating waterworks, furnishing water for pay to its inhabitants and controlling the appliances by which water was turned on or off from its mains to service pipes from which consumers obtained a supply, must remove an obstruction from an appliance within a reasonable time, and, failing to do so, it will be liable for resulting damages suffered by a customer from an insufficient flow of water to his premises, the measure of which will not be limited to actual money losses, but may include compensation for trouble and inconvenience caused by being deprived of water.

FROM the circuit court of, first district, Hinds county.

HON. WILEY H. POTTER, Judge.

Mrs. Anderson, appellee, was plaintiff in the court below; the city of Jackson, appellant, was defendant there. From a judg-

97 Miss.—1

ment in plaintiff's favor defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*William Hemingway,* for appellant.

This case does not come within that class of cases where special contracts are made to furnish water for particular purposes, known at that time to the water company, such as, to supply water to a greenhouse, for an hydraulic press, or other particular purpose. The declaration alleges only the duty to supply a residence with water for domestic purposes.

Under such contract, is the city liable for anything except the advance payment of the water rate, if liable for anything? It is certain that the city did not contract to furnish water for sick people, and even if it had acted willfully in cutting off the water from appellee's premises, and there had been sick persons in the house, that fact cannot be relied on as an aggravating circumstance. *Freeman v. Macon Gas Light & Water Co.,* 7 L. R. A. (N. S.) 917.

As to actual damages, plaintiff's husband testified that he personally spent $50 or $60 for renewing his water pipes, and had to purchase water for about two months. This was all the evidence tending to show any damage whatever. The court gave an instruction that the jury could not award punitive damages in this case, and yet the verdict was $500. The cost of renewing the pipes is the only item of damage proved; the amount expended in the purchase of water was not proved.

The question as to who was responsible for the obstruction in the corporation cock was submitted to the jury. The preponderance of the testimony is, the property owner has always paid for the corporation cock, and for the pipes from the main into his premises, and owned both the cock and the pipes.

"A city established a system of waterworks which did not include lateral service pipes. These, and the expense of putting

them in, were to be paid for by the one who connected with the water main in the street. Held, that such lateral service pipe was owned and must be kept in repair by the one who made the connection, and not by the city, and that the city was justified in severing such connection where the owner refused to pay the expenses of repairing a break in such a lateral service pipe in the street a short distance from the main pipe, although he had paid his water rates for a period running beyond the time when said connection was severed." *Ellendale v. Jackson,* 4 N. D. 478, 61 N. W. 1030; 1 Farnham on Waters, 79.

The rule by which the water commission attempted to bind the city to care for lateral pipes from the main to the curb line, was under an ordinance adopted March 2, 1909, creating the water commission. This rule was never adopted by the mayor and board of aldermen, and was never put into effect. It can have no bearing on this case for the following reasons:—Mrs. Anderson had been taking water from the city for fifteen months before this rule was adopted by the water commission, and it could not have been in contemplation, either by her or by the city, when she commenced taking water. Furthermore, Mrs. Anderson had no knowledge of this rule whatever, and there is nothing in the record to indicate that she was aware of its existence at the time of her complaint, the trial in the circuit court, or even at the present time. From the evidence it seems that her husband only knew of the rule about three days before he testified in this case.

*Robert Powell,* for appellee.

In the exercise of power not governmental, cities are liable just as individuals for actual damages. 15 Am. & Eng. Ency. of Law, 1141.

Cities owning electric light plants are liable for damages just as individuals. *Thomas v. Somerset,* 97 S. W. 420, 7 L. R. A.

(N. S.) 963; *Davoust v. City of Alameda,* 5 L. R. A. (N. S.) 536.

The city acts in its private capacity in supplying water. 5 L. R. A. (N. S.) 536, note. *Asher v. Huntington, etc., Co.,* 61 L. R. A. 116; 2 Dillon on Municipal Corporations, sec. 954.

It being the duty of the city to supply water by virtue of its contract, it was responsible for negligently permitting the appliances under its control to become clogged and thus prevent the water, which it had sold, from reaching the consumer.

The court will notice from all the testimony in the case that the streets where the mains are located are controlled entirely by the city and no private individual has a right to dig up the ground or interfere with it in any manner whatever.

The point where the obstruction was is in the city's main, in the public streets, underground, and the city alone had a right to interfere with it, and the city alone was under obligation to remedy the difficulty.

The instructions on each side fully present the law of the case, and no objection can be made to them.

SMITH, J., delivered the opinion of the court.

Judgment was rendered in the court below, against appellant, and in favor of appellee, for the sum of $500 damages, alleged to have been sustained by her by reason of the failure of appellant, under its contract, to supply her premises with water for domestic purposes.

Appellant owns and operates a system of waterworks, by means of which it furnishes water to its citizens, charging a certain rate therefor. Water is distributed to consumers by means of water mains laid in the streets; the premises of consumers being connected therewith by lateral service pipes extending from the main pipe to the street line of such premises. At the junction of the service pipe with the main pipe is placed a cock, called the "corporation cock," by which water is let into the

service pipe, and by which it is turned off and on.    From about the 15th of May to the 20th of July, appellee's water supply was wholly inadequate for domestic purposes; in fact, she obtained practically no water at all.    Several complaints were made, to the proper city officials by appellee, who stated to her, or rather to her agent, that the defect was in appellee's pipe, and not in those of the city.    Appellee's failure to obtain water was caused by an obstruction in the corporation cock, by which water was let into the service pipe connecting the main with her premises. After suit was instituted in the court below, this obstruction was by the city removed.

It is not necessary for us to consider or determine to whom the service pipe belongs, or under whose control it is.    It is either clear from the evidence that the corporation cock is under the exclusive control of the city, or it was for the jury to say, under the evidence, under whose control it is; and by their verdict they have said that it was under the control of the city.    It was therefore the city's duty to remove this obstruction within a reasonable time.    This it failed to do, thereby becoming liable to appellee for damages sustained by her by reason thereof.

The verdict, which was limited by the instruction of the court to actual damages, is not excessive.    Appellee's damages are not necessarily limited to actual money losses.    She is entitled in addition thereto to compensation for the trouble, annoyances, and inconvenience suffered by her on account of being deprived of water, an article so necessary for so many domestic purposes. *Telegraph Co. v. Hobart,* 89 Miss. 261, 42 South. 349, 119 Am. St. Rep. 702.

The judgment of the court below is *affirmed.*