## Town of Indianola v. Woods.

### [80 South. 7, Division A.]

REMOVAL OF WATER HYDRANT. *Elements of damage.*

In a suit against a city for wrongfully removing a water hydrant in plaintiff's yard, although she had another hydrant in her kitchen, the discomfort, inconvenience, and annoyance suffered by plaintiff might be considered by the jury in estimating her damages, but a verdict for five hundred dollars in such case was execessive and a verdict of two hundred dollars was sufficient.

APPEAL from the chancery court of Sunflower county. HON. H. H. ELMORE, Judge.

Suit by Mrs. M. A. Woods against the Town of Indianola. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*J. H. Price,* for appellant.

*S. F. Davis* and *H. C. Mounger,* for appellee.

SYKES, J., delivered the opinion of the court.

This is the second appeal of this case to this court. The facts are stated in the first report of this case, styled *Woods* v. *Town of Indianola,* 114 Miss. 722, 75 So. 549. In that appeal it was decided that the city was guilty of an actionable trespass to appellee in cutting off and taking down the water hydrant in her yard, and was liable to her for damages sustained by her as a proximate result of this trespass.

In the trial of the case in the court below the testimony shows that Mrs. Woods had a hydrant in her

kitchen and also one in her yard. The city cut off the one in the yard, but left the one in the kitchen. The damages suffered by Mrs. Woods consisted of the inconvenience of not having the hydrant in the yard, and of having to send some of her cows away to be watered, and having to carry water from the kitchen to them when they were on her premises. She was annoyed and inconvenienced for a period of four months. Compensatory damages were only recoverable in the case, and the instructions of appellee only for these damages. The jury returned a verdict in appellee's favor for five hundred dollars. The jury had a right to take into consideration the discomfort, inconvenience, and annoyance suffered by appellee in estimating her damages. *Tel. Co.* v. *Hobart,* 89 Miss. 262, 42 So. 349; *City of Jackson* v. *Anderson,* 97 Miss. 1, 51 So. 896.

In the *Hobart case* a judgment for one hundred and fifty dollars was not considered excessive by this court. In the case of *City of Jackson* v. *Anderson,* Mrs. Anderson was totally deprived of water in her house and premises for a period of five or six months. In that case a judgment for five hundred dollars was allowed to stand in this court. In the case at bar, however, Mrs. Woods was not deprived of the water in her house, but only of that in the yard, and her inconvenience and damage consequently was nothing like as great as that of Mrs. Anderson. In cases of this kind it is impossible to measure in dollars and cents the damages recoverable.

This, verdict, however, is clearly excessive. After mature deliberation, the maximum amount which we will allow to stand as a recovery is two hundred dollars. If the appellee will remit three hundred dollars, the case will be affirmed; otherwise, it will be reversed and remanded.

*Affirmed conditionally.*